ADRIAN M. PRUETZ - State Bar No. 118215
apruetz@glaserweil.com
ERICA J. VAN LOON - State Bar No. 227712
evanloon@glaserweil.com
LAUREN GIBBS - State Bar No. 251569
lgibbs@glaserweil.com
GLASER WEIL FINK JACOBS
      HOWARD AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone:  (310) 553-3000
Facsimile:  (310) 556-2920

Attorneys for Plaintiff
WowWee Group Limited

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

CV12- 02298 JHN(VBKx)

| | |
|---|---|
| WOWWEE GROUP LIMITED, a Hong Kong company, | CASE NO.: _____ |
| Plaintiff, | **COMPLAINT FOR:** |
| | **(1) DECLARATORY JUDGMENT OF NONINFRINGEMENT;** |
| v. | **(2) ANTICIPATORY BREACH OF CONTRACT; AND** |
| MICHAEL WALLACE, an individual; PURE IMAGINATION, LLC, a limited liability company; 628 DESIGN LLC, a limited liability company; and DOES 1 through 10, | **(3) PROMISSORY ESTOPPEL** |
| | **[JURY TRIAL DEMANDED]** |
| Defendants. | |

COMPLAINT

760355

1    Plaintiff WowWee Group Limited ("WowWee" or "Plaintiff") submits the

2  following Complaint against defendants Michael Wallace, Pure Imagination, LLC,

3  628 Design LLC, and DOES 1-10 (collectively "Defendants") and alleges as follows:

4                              **JURISDICTION AND VENUE**

5    1.    This Complaint arises under the Declaratory Judgment Act, 28 U.S.C. §

6  2201, *et seq.* and the patent laws of the United States, 35 U.S.C. § 1, *et seq.*

7    2.    This Court has original jurisdiction under 28 U.S.C. §§ 1331, 1338, 2201

8  and 2202.  In addition, the Court has jurisdiction over this action under 28 U.S.C. §

9  1332, in that there is diversity of citizenship and the amount in controversy exceeds

10  the sum or value of $75,000, exclusive of interest and costs.  This Court has

11  supplemental jurisdiction under 28 U.S.C. § 1367 because the claims are so related as

12  to form part of the same case or controversy.

13    3.    This Court has personal jurisdiction over Defendants and venue in this

14  District is proper under 28 U.S.C. § 1391(b) and (c) because Defendants solicit,

15  transact and do business in this District, a substantial part of the wrongful acts or

16  omissions complained of occurred in this District, and Defendants are subject to

17  personal jurisdiction in this District.

18    4.    An immediate, real and substantial controversy exists between WowWee

19  and Defendants with respect to, among other things, whether WowWee has infringed

20  or infringes, directly, indirectly, contributorily, or by inducement, any patent or other

21  intellectual property purportedly owned by Defendants.

22                              **THE PARTIES**

23    5.    WowWee is a Hong Kong company, with its principal place of business

24  at Energy Plaza, Suite 301C, 92 Granville Road, TST East, Kowloon, Hong Kong.

25    6.    On information and belief, Defendant Michael Wallace is a Washington

26  citizen.  On information and belief, Wallace is currently, and was at all times relevant

27  to this Complaint, conducting substantial business in the State of California and did

28  engage in conduct that gives rise to WowWee's claims in the State of California.

*Glaser Weil Fink Jacobs*
*Howard Avchen & Shapiro LLP*

760355

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

7.     On information and belief, Pure Imagination, LLC is a Washington limited liability company with its principal place of business at 705 Main Street, Suite 201, Vancouver, Washington 98660.  On information and belief, Pure Imagination, LLC is currently, and was at all times relevant to this Complaint, conducting substantial business in the State of California and did engage in conduct that gives rise to WowWee's claims in the State of California.  (Wallace and Pure Imagination, LLC shall be referred to collectively as "Pure Imagination.")

8.     On information and belief, Defendant 628 Design LLC is a California limited liability company with its principal place of business at 1140 E. Franklin Avenue, Suite A, El Segundo, California 90245.  On information and belief, 628 Design LLC is a resident of California and is currently, and was at all times relevant to this Complaint, conducting substantial business in the State of California and did engage in conduct that gives rise to WowWee's claims in the State of California. (628 Design LLC shall be referred to as "628 Design.")

9.     WowWee is unaware of the true names and capacities of Defendants sued hereunder as DOES 1 through 10 inclusive, and therefore sues these Defendants by such fictitious names.  WowWee is informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that WowWee's damages as herein alleged were proximately caused by their conduct.  WowWee will amend this complaint to allege the true names and capacities of the defendants DOES 1 through 10 when ascertained.

10.     WowWee is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego and/or employee of the other Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment and actively participated in, or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged herein, with full knowledge of all the facts and circumstances.

760355

# FACTUAL ALLEGATIONS

## WOWWEE AND DEFENDANTS' LICENSE AGREEMENT

11.     WowWee is a leading designer, developer, marketer and distributor of innovative hi-tech consumer robotic and entertainment products.  WowWee is headquartered in Hong Kong.  Its products are sold directly to customers and through distributors, including its affiliate in Carlsbad, California.

12.     With a focus on the development of breakthrough consumer technologies, WowWee continues to forge new categories in personal robotics and entertainment with its imaginative, innovative and award-winning gadgets and toys. WowWee has several distinct product lines – WowWee Robotics®, Paper Jamz®, Light Strike®, Lite Sprites™, WowWee Alive®, WowWee FlyTech®, and WowWee Technologies™ – that include innovations that walk, talk, jam, fire, color, purr, fly, and project.

13.     WowWee has amassed an in-house team of engineers and designers that have a proven ability to develop world-class products.  At times, WowWee also integrates third-party technologies to realize substantial untapped value.

14.     In early 2009, Defendants contacted WowWee regarding creating, marketing and selling a line of toy products.

15.     Defendants and WowWee entered into a license agreement with an effective date of April 14, 2009, whereby WowWee licensed certain properties from Defendants (the "License Agreement").  A true and correct copy of the License Agreement and Schedule A.2 (as amended by the Parties) is filed conditionally under seal as Exhibit 1.

16.     Specifically, Schedule A.2 defines "Licensed Products" as:
(A) Micro vehicles, any material, with or without music features, free wheeling or otherwise, less than 1/64 scale; (B) Micro figures, any material, with or without music features, non mechanized or otherwise, 3" or less in size; (C) Micro playsets, any material, with or without music features, which are scaled to and used solely to house and interact with described micro figures and micro vehicles; (D) Body Buddy Doll, a rag doll that uses the Licensed Property to

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

call out body parts and functions through the use of an LCD stethoscope or other accessory that animates body parts when called out; and (E) Musical instruments, excluding preschool products, made out of paper or cardboard or some other inexpensive material that uses the technology to allow user to create music and play musical songs. . . .

17.    Pursuant to the License Agreement, WowWee began selling Paper Jamz toy musical instruments in early 2010.

## WOWWEE'S LIGHT STRIKE TOY LINE

18.    In early 2010, WowWee began developing two new toy lines, Light Strike and Lite Sprites, which feature and showcase light and color based technology licensed from Koninklijke Philips Electronics N.V. ("Philips").

19.    Light Strike is a toy gun line that uses light and color based technology to "bring video game action into the real-world" with a set of "strikers" and accessories that sport fingerprint ID, long-range LED targeting, built-in health and ammo meters, and the ability to play with up to four teams of unlimited size.

20.    Defendants knew WowWee was creating and developing the Light Strike line and expressly asserted that the Light Strike products did not fall within the purview of the License Agreement.

21.    Accordingly, Light Strike was developed by WowWee entirely in-house and Defendants did not work with or assist WowWee in creating and developing this line.

22.    The touch based technology used in the Light Strike line is very simplistic and based on established techniques that are in the public domain.

23.    The Light Strike toys do not use any proprietary touch technology. Nor is the touch technology used in the Light Strike toys a modification, improvement, enhancement or extension of the touch technology utilized in the Licensed Products.

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

## THE ROYALTY PAYMENT AMENDMENT TO THE LICENSE AGREEMENT

24.     On November 18, 2011, WowWee and Pure Imagination amended the License Agreement to provide a payment plan for WowWee with respect to royalties which were then due under the License Agreement ("Royalty Payment Amendment"). A true and correct copy of the Royalty Payment Amendment is filed conditionally under seal as Exhibit 2.

25.     The Royalty Payment Amendment also provided that "with respect to the calculation of Net Sales and the payment of Royalties for the fourth quarter of 2011, if the amount of actual permitted deductions from the gross invoice price fall short of ten percent (10%) of the gross invoice price for such quarter, WowWee may withhold the Royalties attributable to such shortfall as a reserve against potential allowances, returns and refunds with respect to the Licensed Products reported as sold in such quarter." Ex. 2 at ¶ 3.

## DEFENDANTS' UNFOUNDED CLAIMS OF BREACH AND REPUDIATION

26.     On February 23, 2012, Defendants sent WowWee a "Notice of Material Breach and Termination of License Agreement with Pure Imagination and 628 Design" (the "February 23 Notice").  A true and correct copy of this letter is attached hereto as Exhibit 3.

27.     On March 1, 2011, WowWee responded to Defendants' unfounded allegations.

28.     On March 6, 2012, Defendants sent a "Notice of Failure to Cure and Second Notice of Material Breach and Termination of License Agreement with Pure Imagination and 628 Design" (the "March 6 Notice").  A true and correct copy of this notice is attached hereto as Exhibit 4.

29.     Defendants alleged in the February 23 Notice that WowWee breached the License Agreement by the following:

760355

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

a.  Failure to accurately report royalties for the fourth quarter of 2011 and specifically, failure to provide proper detail regarding WowWee's deductions from gross royalties in calculating net royalties;

b.   Failure to pay all royalties due on Paper Jamz products for the fourth quarter of 2011; and

c.  Failure to provide Defendants with a copy of a settlement agreement between WowWee and Borei.

30.    In their February 23 Notice, Defendants threatened that if the alleged breaches were not cured, they would terminate the License Agreement and "[a]t that time, we will issue a press release disclosing the termination of the License Agreement so that innocent retailers will be advised that further purchases of Paper Jamz products will constitute patent infringement."

31.    In their March 6 Notice, Defendants asserted for the first time that WowWee also owed royalty payments for the Light Strike line.  Specifically, Defendants stated:

> [I]n material breach of the License, WowWee failed to notify Pure Imagination and 628 Design of new product developments and sales, failed to provide royalty reports, and failed to make royalty payments, concerning a line of toy guns called "Light Strike" which incorporates the Licensed Property.  The License Agreement clearly states that all modifications, improvements, enhancements and/or extensions of the Licensed Property (hereinafter "New Developments") are owned by Pure Imagination.  The Light Strike toy lines are New Developments requiring disclosure, reporting of sales, and royalties under the License Agreement.  WowWee failed to disclose the development, production and sales of this line, and failed to pay royalties on those sales.  Accordingly, absent immediate cure, the License shall automatically terminate on March 19, 2012.

32.    Defendants further stated that "any use of the Licensed Property will constitute the deliberate and willful infringement and/or misappropriation of Licensor's intellectual property rights."

760355

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

## WOWWEE DID NOT BREACH THE LICENSE AGREEMENT

33.   WowWee is not in material breach of the License Agreement and Defendants' claims of breach as set forth above are unfounded and are not a valid basis for unilaterally terminating the License Agreement, for at least the following reasons.

34.   First, WowWee paid the royalties Defendants alleged in the February 23 Notice were unpaid, as well as the penalty interest. Thus, such alleged breach was cured and cannot be the basis for termination of the Licensing Agreement.

35.   Second, WowWee's royalty reports were sufficiently detailed with regard to deductions taken by WowWee in calculating net royalties. In addition, any alleged deficiencies were rendered moot and immaterial by the parties' Royalty Payment Amendment. Specifically, the Royalty Payment Amendment provided that to the extent that actual permitted deductions from the gross invoice price fall short of 10% of the gross invoice price for the fourth quarter, WowWee was allowed to withhold Royalties attributable to such shortfall. Ex. 2 at ¶ 3. WowWee exercised its right and withheld 10% of the gross invoice price. Accordingly, any alleged insufficiencies in detail were irrelevant and immaterial because WowWee withheld the flat 10% deduction.

36.   Third, the settlement agreement between Borei and WowWee and related correspondence ("Borei Settlement Agreement") was, by its terms, confidential. Accordingly, WowWee was obligated not to disclose the Borei Settlement Agreement to Defendants. As a matter of public policy, the License Agreement cannot be interpreted in a manner that obligates WowWee to breach its agreement with Borei. Further, Defendants could gather the information they allegedly needed from the public record, including court filings and information concerning Borei's patents.

37.   Fourth, the Light Strike products are not a "Licensed Product" requiring payment of royalties under the License Agreement. Exhibit 1 at ¶15.

38.    Fifth, the Light Strike line does not use any proprietary technology, and the touch technology used in the toys is not a "modification, improvement, enhancement and/or extension" of any "Licensed Property," as defined in the License Agreement.

39.    Accordingly, WowWee is not in material breach of the License Agreement and Defendants have no valid basis for terminating the License Agreement.

## FIRST CLAIM FOR RELIEF

### (Declaratory Judgment of Noninfringement)

40.    WowWee realleges and incorporates by reference each and every allegation contained in the above paragraphs as if fully set forth herein.

41.    Defendants maintain that WowWee's Light Strike product line infringes patents or other intellectual property rights allegedly owned by Defendants.

42.    WowWee denies that it has committed direct, contributory, induced and/or joint infringement of patents or other intellectual property rights owned by Defendants.

43.    Accordingly, there exists an immediate, real and substantial controversy as to whether WowWee infringed patents or other intellectual property rights owned by Defendants.

44.    WowWee seeks a declaratory judgment that it has not infringed patents or other intellectual property rights owned by Defendants directly or by contributory, induced or joint infringement.

## SECOND CLAIM FOR RELIEF

### (Anticipatory Breach of Contract by Defendants)

45.    WowWee realleges and incorporates by reference each and every allegation contained in the above paragraphs as if fully set forth herein.

46.    Defendants owe a duty to WowWee to perform their obligations under the License Agreement.  Specifically, Defendants owe WowWee a duty to grant,

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

760355

1   assign, transfer, and convey to WowWee the right, privilege, and license to develop,

2   make, manufacture, or to have made and manufactured, market, distribute and sell

3   Licensed Products, including the Paper Jamz toys.

4      47.   WowWee has performed all conditions, covenants and promises on its

5   part to be performed.

6      48.   Defendants have anticipatorily breached the License Agreement by,

7   among other things, clearly and expressly stating that they are unilaterally terminating

8   the License Agreement on March 19, 2012, as set forth in Exhibits 3 and 4.

9      49.   Performance by Defendants is not yet due.

10     50.   WowWee is ready, willing and continues to pay royalty payments for

11  Licensed Products as required by the License Agreement.

12     51.   By reason of Defendants' anticipatory breach, WowWee will suffer

13  damages in a total amount to be determined according to proof at trial.

14     52.   By reason of Defendants' anticipatory breach, WowWee is also entitled

15  to recover pre-judgment and post-judgment interest, costs and attorneys' fees in

16  amounts to be proven at trial.

17     53.   WowWee is likely to prevail on its claims, but WowWee's remedy at

18  law is not adequate.  Unless Defendants are enjoined during the pendency of this

19  action from terminating the License Agreement and/or issuing a press release

20  announcing the purported termination of the License Agreement, as Defendants have

21  threatened to do, WowWee will suffer immediate and irreparable harm, which cannot

22  be compensated by money damages.

## THIRD CLAIM FOR RELIEF

### (Promissory Estoppel)

25     54.   WowWee realleges and incorporates by reference each and every

26  allegation contained in the above paragraphs as if fully set forth herein.

27     55.   Defendants made clear and definite promises to WowWee that the Light

28  Strike toys were not a "Licensed Product" and did not fall within the purview of the

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

9

License Agreement.  Defendants also made clear and definite promises that they did not and would not claim any royalty entitlement under the License Agreement in connection with the creation, development or sale of the Light Strike toy line.

56.     Defendants intended to induce reliance and/or knew or should have reasonably expected that their promises would induce WowWee to independently create, develop and sell the Light Strike toy line.

57.     WowWee developed and marketed the Light Strike toy line in reliance on Defendants' promises, as described above.

58.     Defendants are estopped from reneging on these promises to WowWee under the doctrine of promissory estoppel.

59.     WowWee has been harmed as a result of its reasonable reliance on Defendants' promises and is threatened by the imminent loss of profits, loss of customers and potential customers, and loss of goodwill and product image.

60.     WowWee will suffer injustice and irreparable injury by reason of the acts and conduct of Defendants alleged above until and unless the Court enforces Defendants' promises.

## PRAYER FOR RELIEF

WHEREFORE, WowWee prays for judgment as follows:

1.     For a declaratory judgment that WowWee does not infringe and has not infringed any patent or other intellectual property allegedly owned by Defendants directly, contributorily, by inducement or by joint infringement;

2.     For an injunction prohibiting Defendants from terminating the License Agreement and/or issuing a press release announcing the purported termination of the License Agreement;

3.     For damages in an amount to be proven at trial;

4.     For all attorneys' fees and costs and other costs and expenses incurred by WowWee in this action; and

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

760355

5.     That WowWee be granted such other and further relief as the Court deems just and proper.

DATED:  March 19, 2012          By:  *Erica J. Van Loon*
ADRIAN M. PRUETZ
ERICA J. VAN LOON
LAUREN M. GIBBS
GLASER WEIL FINK JACOBS
  HOWARD AVCHEN & SHAPIRO LLP
10250 Constellation Blvd., 19th Floor
Los Angeles, Ca 90067

*Attorneys for Plaintiff*
*WowWee Group Limited*

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

760355

## DEMAND FOR JURY TRIAL

Plaintiff WowWee respectfully requests a jury trial on all issues triable by jury.

DATED:  March 19, 2012          By: _____
                                ADRIAN M. PRUETZ
                                ERICA J. VAN LOON
                                LAUREN M. GIBBS
                                GLASER WEIL FINK JACOBS
                                  HOWARD AVCHEN & SHAPIRO LLP
                                10250 Constellation Blvd., 19th Floor
                                Los Angeles, Ca 90067

                                *Attorneys for Plaintiff*
                                *WowWee Group Limited*

Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

760355

EXHIBIT 1

**<u>Exhibit 1</u>**
**<u>(Filed Conditionally Under Seal)</u>**

EXHIBIT 2

**Exhibit 2**
**(Filed Conditionally Under Seal)**

EXHIBIT 3

**Exhibit 3**

**A N T I D O T E**
Business Focused Legal Advice

**Scott Landsbaum**
Principal

8306 Wilshire Blvd., Ste. 420
Beverly Hills, CA  90211

v 323.314.7881
f 877.240.2150

scott@scottlandsbaum.com
www.scottlandsbaum.com

<u>VIA EMAIL AND OVERNIGHT DELIVERY</u>

February 23, 2012

WowWee Group Limited
c/o WowWee Canada Inc.
3500 de Maisonneuve Blvd. W., Suite 800
Montreal, Quebec
Canada H3Z 3C1
Attn: Leon Garfinkle

Re:     Notice of Material Breach and Termination of License Agreement with
        Pure Imagination and 628 Design

Dear Leon,

This letter serves as notice that WowWee has failed and continues to fail to pay and accurately report royalties for the fourth quarter of 2011; that such failures are material breaches of the above License Agreement; and that the License Agreement shall terminate in ten (10) calendar days pursuant to Section 9(a) of the License Agreement unless such breaches are fully and completely cured through the provision of an accurate royalty report and the payment of all royalties due together with interest at the rate of 1% per month.

In addition, Pure Imagination and 628 Design previously requested from WowWee a copy of its settlement agreement with Borei, which you have declined to provide.  Section 5(c) of the License Agreement requires WowWee "to cooperate fully and in good faith with Licensor for the purpose of securing and preserving Licensor's rights."  The foregoing settlement agreement and all related correspondence and documents are necessary for us to determine whether Borei has infringed on any of our rights and must be produced to us pursuant to the License Agreement. WowWee's failure to provide such documents is a material breach of the License Agreement which must be cured.

If WowWee fails to cure the above breaches, on the termination of the License Agreement: (i) all rights in the Licensed Property shall revert immediately to Licensor; (ii) WowWee shall have no sell-off period and no further right to manufacture, distribute, sell, market or advertise any Paper Jamz or other Licensed Products; and (iii) any use of the Licensed Property after such date shall

constitute the deliberate and willful infringement of Licensor's intellectual property rights.  At that time, we will issue a press release disclosing the termination of the License Agreement so that innocent retailers will be advised that further purchases of Paper Jamz products will constitute patent infringement.

Last, pursuant to our prior notice of audit, Elliot Greller will contact you shortly regarding his pre-audit needs and to schedule the actual audit.

We fully intend to enforce our rights under the contract both in arbitration for the breach of contract and in court to prevent the unauthorized use of our intellectual property.  WowWee will be liable for damages under the contract, interest, our attorneys' fees, and treble damages for the willful infringement of our patents.

We look forward to WowWee's prompt and full compliance with the License Agreement.  All further communications on this matter should be directed to my office.

*This letter is not intended to be and shall not be construed as a complete statement of the facts pertaining to this matter and is written with a full reservation of all claims, causes of action, rights, remedies and positions.*

Sincerely,

Scott Landsbaum

cc:    Mike Wallace
       Darin Barri

EXHIBIT 4

**Exhibit 4**

**A N T I D O T E**
Business Focused Legal Advice

**Scott Landsbaum**
Principal

8306 Wilshire Blvd., Ste. 420
Beverly Hills, CA  90211

v 323.314.7881
f 877.240.2150

scott@scottlandsbaum.com
www.scottlandsbaum.com

VIA EMAIL AND OVERNIGHT DELIVERY

March 6, 2012

WowWee Group Limited
c/o WowWee Canada Inc.
3500 de Maisonneuve Blvd. W., Suite 800
Montreal, Quebec
Canada H3Z 3C1
Attn: Leon Garfinkle

> Re:   Notice of Failure to Cure and Second Notice of Material Breach and Termination,
>       of License Agreement with Pure Imagination and 628 Design

Dear Leon,

This letter serves as notice that WowWee has failed and continues to fail to cure the February 23, 2012 Notice of Material Breach related to Borei.  Accordingly, pursuant to the License, absent the required cure, set forth in the February 23, 2012 Notice, the License shall automatically terminate on March 26, 2012.

Second, this letter further serves as a new and Second Notice of Material Breach and Termination.  Specifically, in material breach of the License, WowWee failed to notify Pure Imagination and 628 Design of new product developments and sales, failed to provide royalty reports, and failed to make royalty payments, concerning a line of toy guns called "Light Strike" which incorporates the Licensed Property.  The License Agreement clearly states that all modifications, improvements, enhancements and/or extensions of the Licensed Property (hereinafter "New Developments") are owned by Pure Imagination.  The Light Strike toy lines are New Developments requiring disclosure, reporting of sales, and royalties under the License Agreement.  WowWee failed to disclose the development, production and sales of this line, and failed to pay royalties on those sales.  Accordingly, absent immediate cure, the License shall automatically terminate on March 19, 2012.

Upon automatic termination: (i) all rights in the Licensed Property automatically reverted to Licensor; (ii) WowWee will have no sell-off period and no further right to manufacture, distribute, sell, market or advertise any Paper Jamz or other Licensed Products; and (iii) any use

of the Licensed Property will constitute the deliberate and willful infringement and/or misappropriation of Licensor's intellectual property rights.

At such automatic termination, we will require and demand, as per our rights, WowWee:

1. Immediately cease and desist all previously licensed activities under the License Agreement, including but not limited to immediate cessation of all development, manufacture, use, sales, offers for sale, import and export of products which incorporate any portion of the Licensed Property, by WowWee and any of WowWee's affiliates, sublicensees, subcontractors, and agents;

2. Immediately cease and desist all development, manufacture, use, sales, offers for sale, import and export of the Light Strike line of toys and products, by WowWee and any of WowWee's affiliates, sublicensees, subcontractors, and agents;

3. Within five (5) days, deliver an accounting of all sales of, and all gross profits from, the Light Strike guns, including by WowWee and any of WowWee's affiliates, sublicensees, subcontractors, and agents;

4. Within five (5) days, disclose all modifications, improvements, enhancements and/or extensions of the Licensed Property which were developed by WowWee, are currently being developed by WowWee, or are intended to be developed by WowWee, or any of WowWee's affiliates, sublicensees, subcontractors, or agents;

5. Within five (5) days, return all confidential and proprietary property and information of Licensor and/or 628 Design which is in the possession or control of WowWee or any of WowWee's affiliates, sublicensees, subcontractors, or agents; and,

6. That WowWee cooperate fully with Pure Imagination in securing and perfecting its ownership rights in the Licensed Property, including any New Developments, pursuant to its obligations to assist under the License Agreement, and cause WowWee's affiliates, sublicensees, subcontractors and agents to do the same.

This letter is not intended to be and shall not be construed as a complete statement of the facts pertaining to this matter. Pure Imagination and 628 Design reserve all rights, claims, causes of actions, and remedies available to them at law and equity.

Sincerely,

Scott Landsbaum

cc:    Mike Wallace
       Darin Barri

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Jacqueline Nguyen and the assigned discovery Magistrate Judge is Victor B. Kenton.

The case number on all documents filed with the Court should read as follows:

### CV12- 2298 JHN (VBKx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=============================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Name & Address:
ADRIAN M. PRUETZ - State Bar No. 118215
GLASER WEIL FINK JACOBS
   HOWARD AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WowWee Group Limited, a Hong Kong company, | CASE NUMBER |
| PLAINTIFF(S) | CV12-02298 JHN (VBKx) |
| v. | |
| Michael Wallace, an individual; Pure Imagination, LLC, a limited liability company; 628 Design LLC, a limited liability company; and DOES 1 through 10, | **SUMMONS** |
| DEFENDANT(S). | |

TO:     DEFENDANT(S):

        A lawsuit has been filed against you.

        Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, _Adrian M. Pruetz_____, whose address is _10250 Constellation Blvd., 19th Floor, Los Angeles, California 90067_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

MAR 1 9 2012

Dated: _____

Clerk, U.S. District Court

By: _____
**JULIE PRADO**

Deputy Clerk

*SEAL*

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself □) | DEFENDANTS |
|---|---|
| WOWWEE GROUP LIMITED | MICHAEL WALLACE, an individual; PURE IMAGINATION, LLC, a limited liability company; 628 DESIGN LLC, a limited liability company; and DOES 1 through 10, |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| GLASER WEIL FINK JACOBS HOWARD AVCHEN & SHAPIRO LLP<br>10250 Constellation Boulevard, 19th Floor Los Angeles, California 90067<br>Telephone: (310) 553-3000 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- □ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question (U.S. Government Not a Party)
- □ 2 U.S. Government Defendant
- □ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | □ 1 | □ 1 | Incorporated or Principal Place of Business in this State | □ 4 | □ 4 |
| Citizen of Another State | □ 2 | □ 2 | Incorporated and Principal Place of Business in Another State | □ 5 | □ 5 |
| Citizen or Subject of a Foreign Country | □ 3 | □ 3 | Foreign Nation | □ 6 | □ 6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☑ 1 Original Proceeding
- □ 2 Removed from State Court
- □ 3 Remanded from Appellate Court
- □ 4 Reinstated or Reopened
- □ 5 Transferred from another district (specify):
- □ 6 Multi-District Litigation
- □ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes   □ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** □ Yes   ☑ No      □ **MONEY DEMANDED IN COMPLAINT: $** Damages according to proof

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Declaratory judgment of noninfringement (28 U.S.C. § 2201, et seq. and 35 U.S.C. § 1, et seq.); anticipatory breach of contract; and promissory estoppel

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| □ 400 State Reapportionment | □ 110 Insurance | □ 310 Airplane | □ 370 Other Fraud | □ 510 Motions to Vacate Sentence Habeas Corpus | □ 710 Fair Labor Standards Act |
| □ 410 Antitrust | □ 120 Marine | □ 315 Airplane Product Liability | □ 371 Truth in Lending | | □ 720 Labor/Mgmt. Relations |
| □ 430 Banks and Banking | □ 130 Miller Act | □ 320 Assault, Libel & Slander | □ 380 Other Personal Property Damage | □ 530 General | □ 730 Labor/Mgmt. Reporting & Disclosure Act |
| □ 450 Commerce/ICC Rates/etc. | □ 140 Negotiable Instrument | □ 330 Fed. Employers' Liability | □ 385 Property Damage Product Liability | □ 535 Death Penalty | |
| □ 460 Deportation | □ 150 Recovery of Overpayment & Enforcement of Judgment | □ 340 Marine | BANKRUPTCY | □ 540 Mandamus/Other | □ 740 Railway Labor Act |
| □ 470 Racketeer Influenced and Corrupt Organizations | □ 151 Medicare Act | □ 345 Marine Product Liability | □ 422 Appeal 28 USC 158 | □ 550 Civil Rights | □ 790 Other Labor Litigation |
| □ 480 Consumer Credit | □ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | □ 350 Motor Vehicle | □ 423 Withdrawal 28 USC 157 | □ 555 Prison Condition | □ 791 Empl. Ret. Inc. Security Act |
| □ 490 Cable/Sat TV | | □ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| □ 810 Selective Service | □ 153 Recovery of Overpayment of Veteran's Benefits | □ 360 Other Personal Injury | □ 441 Voting | □ 610 Agriculture | □ 820 Copyrights |
| □ 850 Securities/Commodities/ Exchange | □ 160 Stockholders' Suits | □ 362 Personal Injury- Med Malpractice | □ 442 Employment | □ 620 Other Food & Drug | ☑ 830 Patent |
| □ 875 Customer Challenge 12 USC 3410 | □ 190 Other Contract | □ 365 Personal Injury- Product Liability | □ 443 Housing/Acco-mmodations | □ 625 Drug Related Seizure of Property 21 USC 881 | □ 840 Trademark |
| □ 890 Other Statutory Actions | □ 195 Contract Product Liability | □ 368 Asbestos Personal Injury Product Liability | □ 444 Welfare | | SOCIAL SECURITY |
| □ 891 Agricultural Act | □ 196 Franchise | | □ 445 American with Disabilities - Employment | □ 630 Liquor Laws | □ 861 HIA (1395ff) |
| □ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | | □ 640 R.R. & Truck | □ 862 Black Lung (923) |
| □ 893 Environmental Matters | □ 210 Land Condemnation | □ 462 Naturalization Application | □ 446 American with Disabilities - Other | □ 650 Airline Regs | □ 863 DIWC/DIWW (405(g)) |
| □ 894 Energy Allocation Act | □ 220 Foreclosure | □ 463 Habeas Corpus- Alien Detainee | □ 440 Other Civil Rights | □ 660 Occupational Safety /Health | □ 864 SSID Title XVI |
| □ 895 Freedom of Info. Act | □ 230 Rent Lease & Ejectment | □ 465 Other Immigration Actions | | □ 690 Other | □ 865 RSI (405(g)) |
| □ 900 Appeal of Fee Determination Under Equal Access to Justice | □ 240 Torts to Land | | | | FEDERAL TAX SUITS |
| □ 950 Constitutionality of State Statutes | □ 245 Tort Product Liability | | | | □ 870 Taxes (U.S. Plaintiff or Defendant) |
| | □ 290 All Other Real Property | | | | □ 871 IRS-Third Party 26 USC 7609 |

CV12-02298

**FOR OFFICE USE ONLY:**   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

COPY

UNITED STATE. DISTRICT COURT, CENTRAL DISTRICT  CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:**  (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
      ☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Hong Kong (WowWee Group Limited) |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
      ☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles (628 Design LLC) | Washington (Michael Wallace)<br>Washington (Pure Imagination, LLC) |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
      **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | Hong Kong |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date 3/19/2012

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |